CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 20 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OTTLEY SMITH, | CASE NO. 7:11CV00455 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| MR. HAROLD CLARKE, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Ottley Smith, an inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that as a Virgin Islands inmate, he has been illegally transferred and confined in the segregation unit at Wallens Ridge State Prison (WRSP), a maximum security prison in Virginia, and that he must be immediately transferred back to the Virgin Islands. Smith sues two employees of the Virginia Department of Corrections (VDOC). After review of his submissions, the court finds that the complaint must be summarily dismissed without prejudice.

I.

Smith's complaint makes only the following cursory statements of his claims: "violation of 8th Amendment rights to function as a VI inmate not as a VA inmate; violation of 14th Amendment Right to Due Process; Illegal confinement against jurisdictional fed. law." He attaches to his complaint copies of a written "informal complaint" form and a grievance that he has filed at WRSP, expressing his belief that he is wrongfully classified for segregated confinement there.[1] He also submits a motion for preliminary injunctive relief, arguing that it is

---

[1] In his grievance and his injunction motion, Smith mentions his Rastafarian religious beliefs and his desire to be moved to a segregation pod where others of his faith are housed. However, Smith does not offer any evidence that he has presented any such religious rights claim through all levels of the prison's grievance procedures, as required for exhaustion under 42 U.S.C. § 1997e(a). Accordingly, the court does not consider any such claim to be properly before the court at this time.

cruel and unusual punishment to confine him at a maximum security prison and that he did not receive a hearing before being transferred to a Virginia prison.[2] He asserts that he will suffer irreparable harm by being housed in segregated confinement if the court does not order his immediate transfer back to the Virgin Islands. He seeks no other form of relief in this action.

## II.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

When a defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Inmates have no liberty interest in remaining confined in the state or territory where they were convicted, and they have no protected liberty interest in being confined in any particular type of prison, even when conditions in one prison are more restrictive or harsh than conditions in other prisons. Meachum v. Fano, 427 U.S. 215, 224 (1976); Olim v. Wakinekona, 461 U.S. 238, 247-48 (1983). Inmates' liberty interests are

> limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995).

---

[2] Smith also states that his current confinement violates other constitutional amendments. Because he does not offer any clear statement of claims arising under these amendments, however, the court does not consider these issues to be properly before the court for consideration.

Under these principles, Smith's allegations fail to state any constitutional claim actionable under § 1983. First, since Smith has no constitutional right to remain confined in the Virgin Islands or in a prison of any particular security level, his complaints about his continued confinement at WRSP, in Virginia, do not state any actionable claim under § 1983. The defendants are not violating any constitutionally protected right merely by continuing to house him at WRSP in a more restrictive environment, regardless of the security status he enjoyed in the Virgin Islands prison system.

Second, Smith fails to allege facts indicating that the conditions to which he is subject in the WRSP segregation unit are atypically harsh, compared to Virginia prison conditions in general, so as to give rise to any protected liberty interest in avoiding that status. Sandin, supra. Thus, Smith fails to state any claim that he has been deprived of liberty interests possibly created by Virginia prison regulations. The court concludes that Smith's allegations state no actionable § 1983 due process claim and will summarily dismiss the complaint under § 1915A(b)(1).

Smith alleges vaguely that being confined in Virginia adversely affected, or continues to affect, aspects of his prison life: he had some difficulty accessing Virgin Islands courts "for appeal purposes," his family cannot visit, his indigency limits the number of telephone calls he can make to family members, and the Virgin Islands' security classification system, to which he is subject, prevents him from earning a lower security classification under Virginia regulations so that he could have a prison job and move to a less restrictive prison. Yet, the VDOC defendants he names in this lawsuit have no responsibility for the manner in which Virgin Islands' prison officials classify inmates or for the decision that Smith be transferred to Virginia in the first place. He cannot hold a prison official liable under § 1983 complaints for constitutional violations unrelated to that official's own conduct in some respect. See, e.g., Fisher v.

3

Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (finding that § 1983 requires showing of defendant's personal fault either based on the defendant's personal conduct or another's conduct in execution of defendant's policies or customs).

For the reasons stated, the court dismisses Smith's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. Because Smith fails to demonstrate any likelihood of success on his underlying constitutional claim, his request for interlocutory injunctive relief must be denied. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (finding that preliminary injunctive relief warranted only if litigant demonstrates, among other factors, that "he is likely to succeed on the merits"). Similarly, inasmuch as the court concludes that Smith fails to state any actionable claim, the court cannot find that he has shown exceptional circumstances warranting the appointment of counsel in this civil action. See Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of October, 2011.

_____
Chief United States District Judge